HARRIS, J.,
concurring in part; dissenting in part.
Although I agree with the majority that the default should be set aside, I respectfully dissent from that portion which affirms the summary judgment.
Although I agree that it was extremely foolish, even negligent, for Baker to sign a lease with an illegible term, this fact, if true, would negate a “meeting of the minds”. on the illegible provision. If one simply fails to read a contract before signing it, we hold him responsible for whatever the contract provides as though he read it. See Merrill, Lynch, Pierce, Fenner & Smith, Inc. v. Benton, 467 So.2d 311, 312 (Fla. 5th DCA 1985).
However, Baker contends herein that he did read the lease and merely ignored that portion that was illegible and agreed to the balance. The question is not whether he should be estopped from denying the intended terms of the lease, it is whether 'the lease presented to him properly contained a “no pets” provision. An illegible provision is, to me, no provision at all.